```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

                    Plaintiff(s),              ORDER
                                               CV 08-0967  (JFB) (WDW)
          -against-

JAMES M. LIGUORI, M.D., P.C., et al.,

                    Defendant(s).
----------------------------------------------------------X
```
**WALL, Magistrate Judge:**

Pending before the court is a motion by plaintiff State Farm Mutual Automobile Insurance Co. ("State Farm") seeking an order compelling production of documents concerning an investigation of defendant Dr. James Liguori by the New York Office of Professional Medical Conduct ("OPMC").  *See* Docket Entry ("DE") [84].  Plaintiff does not seek the materials directly from the OPMC, but rather wants an order directing defendant and his attorneys to produce documents in their possession regarding the investigation.  Defendants have opposed the motion.  *See* DE [86].  For the reasons set forth herein, the motion is denied.

## BACKGROUND

State Farm commenced this action alleging fraud, unjust enrichment, and seeking a declaratory judgment that it need not pay no-fault payments due to defendants because of the alleged fraud.  State Farm claims that defendants submitted bills for procedures that it claims defendants ordered "in an assembly like manner pursuant to a fraudulent, pre-determined protocol designed solely to maximize charges that they could submit to State Farm."  Pls' Ltr at 1. According to State Farm, Dr. Liguori routinely performs various electrodiagnostic tests ("EDX tests") such as electromyography tests ("EMGs"), nerve conduction velocities ("NCVs"),

somatosensory evoked potentials ("SSEPs"), and Brainstem Auditory Evoked Potentials ("BAERs"). Compl. ¶19. State Farm claims that for a large percentage of patients, the charges for those tests are fraudulent as the tests are not medically necessary and are not tailored to the unique circumstances of the patient, and the charges are inflated. *Id.* ¶21.

Defendants have withheld production of documents that were created in 2008 during an investigation of Dr. Liguori by the OPMC. The investigation resulted in the entry of a Consent Order dated August 7, 2008. *See* Pl's ltr, Ex. A. The Statement of Charges underlying the Consent Order contained one factual allegation, that "[d]uring periods between on or about November 21, 2002 and on or about July 13, 2005, Respondent evaluated and treated Patients A-E, and failed to maintain records adequately reflecting his evaluation of the patients." The sole charge against Dr. Liguori was that he committed "professional misconduct as defined in N.Y. Educ. Law §6530(32) by failing to maintain a record for each patient which accurately reflects the care and treatment of the patient" as alleged in the factual statement.

State Farm argues that the Statement of Charges does not "specify the nature of the charges brought against Dr. Liguori" and notes that under the terms of the Consent Order, Dr. Liguori agreed to various steps including, *inter alia*, attendance at a continuing education program in the area of "evoked potentials." It argues that the OPMC documents are relevant to the extent they relate to Dr. Liguori's neurological examination of patients and the performance of EDX tests.

State Farm has reviewed the privilege log prepared by defense counsel and seeks production of two categories of documents: communications with the OPMC, and expert reports to and from the OPMC. It further seeks a list of patient files that were produced to the OPMC.

2

**DISCUSSION**

Defendants first argue that the documents sought are not relevant within the meaning of Rule 26 of the Federal Rules of Civil Procedure. According to defendants, the investigatory materials are not relevant since the OPMC investigation concerned "a record-keeping violation only" and did not result in a charge of fraud or "excessive" testing. Defs' Ltr at 1. The court ordered production of the documents for an *in camera* review to determine whether the materials are relevant. Upon a review of those materials, the court finds that while most of the documents are not relevant, there are a small number that may contain relevant material that could possibly lead to the discovery of admissible evidence. Thus, the issue of whether those documents are protected from production due to a privilege must be addressed.

Defendants claim that the OPMC investigatory files are protected from disclosure under various provisions of New York state law.[1] Public Health Law §230 provides in part that OPMC files "relating to the investigation of possible instances of professional misconduct shall be confidential and not subject to disclosure at the request of any person, except as provided by law in a pending disciplinary action or proceeding." Public Health Law ("PHL") §230(10)(a)(v). The statute further provides that "neither the proceedings nor the records of any such committee shall be subject to disclosure under article thirty-one of the civil practice law and rules," PHL §230(9), and that information "obtained by medical experts in consultations, including the names of licensees or patients, shall be confidential and shall not be disclosed except as otherwise authorized or required by law." PHL §230(10)(a)(ii). The relevant materials here were created and maintained as part of the OPMC's investigation of Dr. Liguori.

---

[1]The parties agree that New York law applies in this diversity action.

According to State Farm, PHL §230 does not protect documents that are not in the OPMC's possession. It argues that since it is seeking only documents in the custody and control of defendants and their counsel and not from the OPMC directly, PHL §230 does not apply.[2] State Farm's support for this argument is found in a footnote of a single case which stated that PHL §230(10)(a)(v) "makes confidential the records held by the OPMC itself, however, not the records retained by the hospital." *Tartaglia v. Paul Revere Life Ins. Co.,* 948 F. Supp. 325, 330 n.2 (S.D.N.Y. 1996).

In *Tartaglia,* the court was referring to protection under PHL §230 available to *hospital* records in the possession of the OPMC and clearly stated that only those copies "held" by the OPMC were confidential, and not those "retained" by the hospital. In other words, documents that are not otherwise privileged do not attain protection outside the OPMC's files merely because the OPMC has obtained a copy of those documents. In the current case, however, State Farm seeks production of materials actually created by the OPMC during the investigation, not simply copies of documents created in the course of business upon which the OPMC may have relied during its proceedings. In such an instance, the distinction between who holds copies of the OPMC-created materials is immaterial in determining whether the privilege should apply.

Having decided that State Farm's pursuit of the documents from Dr. Liguori instead of the OPMC is not determinative, it must be decided whether the materials are protected by the state privilege. State Farm argues, citing the New York Court of Appeals case of *Anonymous v. Bureau of Professional Med'l Conduct,* 2 N.Y.3d 663, 669 (2004), that the Department of Health

---

[2]The record is silent as to whether State Farm has attempted to subpoena these materials directly from the OPMC.

has a "policy of making public records of proceedings" that result in discipline. This argument, while correct, misses the point – *Anonymous* pertains to the confidentiality of *proceedings*, not investigation files. As the *Anonymous* court suggested, Dr. Liguori's guilty plea is public information, and the Statement of Charges and Consent Agreement are public documents. What State Farm seeks here, however, is the investigatory materials collected and prepared by the OPMC during its investigation of Dr. Liguori. PHL §230(10)(a)(v) clearly provides that the OPMC's files "relating to the investigation of possible instances of professional misconduct shall be confidential and not subject to disclosure at the request of any person." State Farm has provided no case law to support its contention that the confidentiality of OPMC investigation files should be breached. Accordingly, State Farm's motion to compel production of the communications with the OPMC, and expert reports to and from the OPMC is denied.

State Farm also seeks to compel production of the list of Dr. Liguori's patients that was provided to the OPMC. State law also protects this information since any "information obtained by medical experts in consultations, including the names of . . . patients, shall be confidential." PHL §230 (10)(a)(ii). Thus, this portion of plaintiff's motion is also denied.

Dated: Central Islip, New York
       June 24, 2010

**SO ORDERED:**

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge